## Commonwealth v. Petrilla

*Jonathan C. Valentine*, for Commonwealth.
*John H. Bigelow*, for defendant.

PINOLA, J., October 26, 1955.—Defendant has moved to quash six indictments charging him with having committed misdemeanors in office in violation of section 1204.1 of The Vehicle Code, which reads as follows:

"The fines and penalties provided for in this act are mandatory, and no magistrate or judge shall impose any penalty for a violation of this act varying from the penalties prescribed herein, unless the authority to impose a greater or lesser fine or penalty, than prescribed herein, is expressly contained in this act."

In the first indictment it is charged that defendant "being an alderman of the City of Hazleton and acting as city magistrate, did willfully and unlawfully commit a misdemeanor in office while presiding as such magistrate in the case of Commonwealth v. Peter

Pavlick, on a charge of violation of Section 1002 of the Vehicle Code of 1929 as amended, by imposing a fine of fifty dollars, said fine varying from the penalty prescribed by said code for such violation, to wit, ten dollars."

Except for the name of the person involved, the other indictments are similarly worded.

There is no allegation of fraud or corruption on the part of defendant. The fines which he imposed were in due course turned over to the city treasurer of the City of Hazleton.

While defendant has set out several reasons in support of his motion, at argument his counsel pressed only the following:

"The indictment is not self-sustaining in that it recites that the defendant, being an alderman of the City of Hazleton, was acting in the capacity of city police magistrate and, while presiding in such capacity, imposed an unlawful fine, as there is not any public office known to the law as city police magistrate."

Where an offense may be committed by persons of a certain class or description only, accused must be described with certainty and directness as being of that class or description at the time of the act charged: 42 C. J. S., sec. 127, p. 1019, notes 90, 91, 92, including Com. v. Shissler, 7 Dist. R. 344.

The Commonwealth agrees with defendant that the office of magistrate as constituted in cities of the first and second class does not exist in cities of the third class, of which Hazleton is one. It contends, however, that defendant being an alderman, and the indictment so stating, it sufficiently charges him in his official capacity. The district attorney urges that the words "City Police Magistrate" should be regarded as surplusage.

Section 102 of The Vehicle Code defines magistrate as: "A mayor, burgess, magistrate, alderman, justice

of the peace, or other officer, having the powers of a committing magistrate."

Under that definition, the crime of which he stands charged could have been committed by defendant in his capacity as an alderman. However, the indictment is quite clear in charging him with the commission of the misdemeanor in office "while presiding as such magistrate," referring, of course, to the preceding description of him as "city police magistrate," an office which does not exist in the City of Hazleton.

Section 1018 of The Third Class City Code, June 23, 1931, P. L. 932, art. X, renumbered 1017, June 28, 1951, P. L. 662, sec. 10.1, 53 PS §12198-1017, provides, in part, as follows:

"Any alderman of the city may, at the request of the mayor or acting mayor, where either is for any reason unable or unwilling to act, attend the mayor's police court, and there perform all such duties and exercise all such powers as to which he has concurrent jurisdiction with the mayor, and for such services shall be allowed such compensation as council shall provide."

Section 1206 of the code, now section 1207 by amendment, gives the mayor of third class cities the criminal jurisdiction of an alderman and it is this jurisdiction in which the mayor and an alderman have concurrence. It, therefore, appears that defendant, if he were acting in any official capacity, was acting for the mayor of the city, a fact which does not appear anywhere in the indictments. Moreover, the jurisdiction of the acting mayor being a special one, it is essential that it should appear of record that he was acting at the mayor's request. These omissions are fatal: Com. v. Durham, 11 Dist. R. 663; City of Bethlehem v. Durning, 30 Dist. R. 727, 729.

Accordingly, the motion is granted and the six indictments are quashed.